```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

MICHAEL MICCIO AND SYLVIA              CIVIL ACTION
MICCIO


VERSUS                                 NO: 06-9174


ALLSTATE INSURANCE COMPANY,            SECTION: "J" (1)
THOMAS BRADSHAW, and
BRADSHAW INSURANCE AGENCY
```

**ORDER AND REASONS**

Before the Court is the **Motion to Remand by Plaintiffs (Rec. Doc. 6)**. This motion, which was opposed, was set for hearing on December 20, 2006 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiffs' motion to remand should be denied.

**Background Facts**

Plaintiffs filed suit against Allstate Insurance Company ("Allstate"), Thomas Bradshaw, and Bradshaw Insurance Agency in the 34th Judicial District Court for the Parish of St. Bernard. In their Petition, Plaintiffs claim that they obtained a flood insurance policy for their property from Defendants, who indicated that the applicable flood zone was flood zone "A". Plaintiffs further claim that unbeknownst to them in 1985, the Federal Emergency Management Agency ("FEMA") changed their flood zone designation to flood zone "B". Plaintiffs asserts that Defendants negligently failed to notify them of the change in

designation, which would have decreased their flood insurance premiums and would have allowed them to increase their coverage amounts so as to provide maximum coverage under the flood zone "B" designation.  As a result of Hurricane Katrina, Plaintiff's property was flooded.

In this lawsuit, Plaintiffs claim that they are due reimbursement for excess policy premiums for the years 1985-2006. They further argue that but for Defendants' negligence in collecting premiums for the incorrect flood zone, they "could have afforded the maximum coverage premiums for their flood insurance policy under the correct flood zone designation." (Petition, ¶ XI).

Allstate removed the action to this Court basing jurisdiction on several bases, including the National Flood Insurance Act ("NFIA"), arguing that Plaintiff's claims involve its handling of or administration of an existing policy over several years and do not involve the procurement of a flood insurance policy.

### Arguments of the Parties

Plaintiffs argue that removal was improper and this case should be remanded because their claims against Defendants center on Defendants' errors and omissions which resulted in the overpayment of flood insurance premiums and a loss of adequate coverage.  Plaintiffs asserts that they are not making any claims involving the handling or disallowance of their flood insurance

claim.

State Farm opposes Plaintiffs' motion to remand, based on several theories.  However, because this Court agrees that Plaintiffs have pled allegations in their Petition that confer federal court jurisdiction, it does not reach the merits of the various theories set forth by State Farm.

Defendants argue that the allegations in the Petition relate to the administration of an existing flood policy.  Defendants note that Plaintiffs do not assert a problem with the initial policy procurement in 1974.  In fact, according to Plaintiff, the errors were committed by Defendants beginning in 1985 and thereafter when they allegedly failed to inform Plaintiffs that their flood zone designation had changed.  State Farm argues that these allegations pertain to Defendants' administration of the flood policy and are governed by the National Flood Insurance Program ("NFIP"), thereby making removal proper.

### Discussion

Federal courts are courts of limited subject matter jurisdiction and cannot entertain suits unless authorized by law. Coury v. Prot, 85 F.3d 244, 248, (5th Cir.1996).  As such, federal courts possess only the power authorized by the Constitution and Congress. Kokkonen v. Guardian Life Insurance Co. Of America, 114 S.Ct. 1673, 1675 (1994). Here, the jurisdiction alleged by Defendants is federal question jurisdiction as they claim the case is one "arising under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "It is well settled that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." <u>Heimann v. Nat'l Elevator Indus. Pension Fund</u>, 187 F.3d 493, 499 (5th Cir.1999); <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (stating that subject matter jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint").

Here, this Court finds that certain allegations in Plaintiffs' Petition involve Defendants' administration of Plaintiffs' flood policy and fall within the NFIP. Specifically, Plaintiffs' Petition involves errors allegedly committed by Defendants beginning in 1985 and thereafter when they allegedly failed to inform Plaintiffs that their flood zone designation had changed. The Court concludes that these claims relate to policy administration – not policy procurement. Thus, this Court concludes that removal based on federal question jurisdiction was proper. Accordingly,

**IT IS ORDERED** that the **Motion to Remand by Plaintiffs (Rec. Doc. 6)** should be and hereby is **DENIED.**

New Orleans, Louisiana this the 18th day of January, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE